Thank you, your honors. Michael Drake for David Lazo-Romero. I'd like to reserve two minutes of my time for rebuttal if I may, and I'll watch the clock on that. Your honors, a criminal history category that exaggerates a defendant's real criminal history at his original sentencing won't stop exaggerating that criminal history at his revocation sentencing. So it wouldn't make much sense at the revocation sentencing to use the exaggerated criminal history category as the basis for calculating the sentencing range that's going to serve as the starting point and benchmark of that sentencing. Section 7B1.4 doesn't make that mistake. Its very first application note, and I think it's the application note that decides this case, the provision that decides this case, is the only application note that instructs district courts about how to identify which criminal history category is to be used in determining the sentencing range in the revocation sentencing table. Did the district court actually find the prior criminal history category to be 5 and then say that 5 is overstated? No. What the district, well, the probation officer found that it was 5. The district court said that that was not correct. So as I understood what, as I read the transcript of that hearing, that sentencing, at the outset when she begins getting to the guideline calculations, she says that primarily with the exception of the criminal history category, she accepts all the calculations. Right. And she notes that there's some dispute about whether he was on probation or whether he had been revoked, had been on formal probation or summary probation. Right. She declined to reach that question because she decided that the criminal history category was in any case overstated. Well, she didn't say that. She didn't decide it. She said that the criminal history category should have been 5 or 4. She said, anyway, whatever it is, I'm going to apply 4. Whether it's a departure or not a departure, she didn't resolve that, did she? Well, she resolved the question of whether it was overstated, Your Honor. She declined to reach the question of whether there was an error in calculating the range under 4A1.1. She didn't go to whether the criminal history points were correct, right, because the dispute was about whether he was on probation or not. So I think it was whether he'd gotten the two-point, right? So the district court just simply declined to reach that and said that the criminal history, even accepting that, the criminal history category 5 is overstated. With respect, counsel, I didn't see that. What I understood was she, in effect, accepted the 5 but departed anyway, and that was the real focus. And as I understand your appeal, you're saying she treated this as a 4. Once having treated it as a 4, you can't change it. Is that essentially what your argument is? Well, that's my – the argument is that she formally departed, but, I mean, she actually – the judge is – She did depart. There's no question about that. The question is you're saying that she changed the classification and made it a 4. I don't see that in the record. I see that she simply didn't address that. She left it as a 5, in a sense, but then departed downward. So from your client's perspective, you got the same result. Now you come back again, and the question is, is she bound, to which you or whoever the counsel was did not object, by the courts treating it as a 4 instead of a 5 as recommended? Your Honor, one moment. I'll try to find the site. I'll find the site in a moment. The district court does say that she accepts – at the original sentencing, she says, I accept the pre-sentence report except for the criminal history category, which is – She simply says I'm not able to determine whether summary probation was given for some certain period of time or it ended once you finished serving the sentence. I just don't know. So she didn't rule on the dispute but gave a 4 whether by departure or not. It didn't matter to her. She was going to use a 4 without resolving the dispute. Well, what she said was that she declined to resolve the legal dispute under 4A1.1. She didn't cite 4A1.1. But the legal dispute was about whether it was properly calculated under the criminal history category points. It was not, though, as Judge Reinhart indicated. She simply said, I can't tell. But for purposes of my ruling today, I'm going to treat it as if it were a 4. She didn't use the subjective mode. She said that she declined to reach – she can. It was unclear. That much is correct, right? But that didn't matter because it was in any case overstated. Well, that's your position. But she says at – I think it's ER43. That is undoubtedly part of why she departed downward. Get that. But now we're coming back a second time around. The question is, having once made that determination for purposes of the downward departure, is any judge that looks at it, if you will, stuck with that? Nobody objected to the original 5 determination as I understand it. Is that correct? No. Defense counsel objected to the 5. And he was arguing that – one of his arguments was that there was this dispute about whether Mr. Lasso Romero was on probation. And that's when the judge said she couldn't tell. That's right. And then she said, in any case, it's overstated. I just want to say that the government has conceded that there was a departure under 4A. Well, we don't have to accept the government's concession. But let me just ask you a question. Suppose she had departed upward. Would your argument still be the same today? I would not have brought an appeal, that's for sure. Well, I mean, suppose she – the guidelines, when you get to the revocation chapter, Chapter 7, you know, the guidelines don't – the commission did not adopt guidelines. They adopted policy statements. And one of the policy statements is they want to give considerable flexibility to district judges when they're doing revocation sentencing. Yes. So why would you want to bind – why would you want to argue that they're stuck with whatever findings they made at the prior hearing? I don't think it's a matter of being stuck. I mean, they have the general discretion to vary now anyway, post-Booker. I mean, the point here is – I don't understand your point, then. Well, the point is that there has to be – You want to argue – as I understand it, you want to say, as Judge Smith indicated, that she found it to be a – the determined guideline, the determined category was a 4. So at revocation, she's got to – when she calculates the guideline for the proposed suggested guideline for revocation, she's got to stick with a 4. That's your argument, right? I would chafe at the sticking with the 4, at that characterization. She – the starting point would be with a 4. And then the judge could, at that point, exercise her discretion. On Upward, she'd have to start with a 4. If she had gone Upward, she'd have to – she would start – Start with a 6. That would be the starting point, Your Honor. That would be your argument. That would not be my – I mean, I would have to concede the point. I wouldn't try to bring that argument to the Court's attention. But, I mean, my general point, right, is that the – it doesn't make any policy sense to – Well, I mean, shouldn't we care about that if we're making sort of rulings that – Absolutely, Your Honor. – are going to have a broad impact not only on your individual client but on others? The point here, I think, is that the – to put it neutrally, the concern should be that the – whatever criminal history category was affirmatively determined to be the most adequate to the case should be the – should make for the starting – should be the basis for the starting point of revocation sentencing. And if I can just – I mean, that's my main substantive point I wanted to underline. I just wanted to say something about Mr. Lasso Romero, which is that had he been sentenced at the low end under the correct guideline range, as we are arguing it is, his release date would have been maybe yesterday. So I think that the only way he could get effective relief should the Court rule in his favor is an order vacating remanding for resentencing with an opinion to follow. I just wanted to put that in the Court's ear if I might. If there are any – Thank you. Thank you, Your Honor. Good morning, and may it please the Court. I'm Julius Nam on behalf of the United States. I'd like to address first the point that the Court was inquiring with counsel just a few minutes ago. Whether – the question of what the district judge, district court – which criminal history category the district court used at the time of the original sentencing is not an issue on appeal. The parties agree that there was a determination of criminal history category 5, and there was a downward departure to criminal history category 4. ER-43 indicates that the judge found that the category 5 was overstated, and that's a direct quote from ER-43. And she used category 4 at the time of the original sentencing. At the time of the revocation sentencing, the district court correctly used category 5 in reaching its sentence of 18 months, which was the low end of the guidelines range for a grade B violation and criminal history category 5. And the government's submission to this court is that a plain reading of the sentencing guidelines compels the conclusion that the pre-departure criminal history category at the time of the original sentencing should be and must be under 7B1.4, the category that the revocation court must use in determining its sentencing range and the specific sentence that is imposed upon the defendant who has violated his supervised release. So you and defense counsel say you agree that the district court determined at the original proceeding that the criminal history category was 5. But I'm reading the transcript. I just don't see how she actually determined that, made that determination. The focus that the government- She didn't decide that. She said, well, you know, in any event, it's overstated anyway. I'm just going to use a 4. The reason why she used the term overstated, and that is directly reflective of what is found in 4B1.3, where there is permission that is given to the district court to depart upward or downward. And the reason for departure is substantial overstatement of criminal history. And that is the reasoning that the district judge used in reaching category. It's very ambiguous what she did because she says, I can't resolve this whole business about whether he was on formal probation, informal probation. They have a discussion about what's the difference between informal and formal. She says, I can't figure this out and I don't have to. There is that question that remained unresolved fully. But what is on appeal here, Your Honor, is that the question of whether the category that was- whether the pre-departure category or post-departure category is the category that should be used at replication sentencing. And so- Let me ask you this, counsel. Let's assume that contrary to apparently what happened, let's assume that the judge said, you know, I can't resolve this exactly, but I am going to treat this as if it's a 4 and I'm going to depart down from there even. At a revocation hearing, would the judge be bound by such a determination? In other words, be required to stay with the 4? If the district judge at the time of the original sentencing had determined that 4 should be the starting point from which departure occurs, 4 should be the starting point from which the revocation judge- So your point then is in this case the judge really didn't decide that or alternatively that it was a 5 and simply she departed downward from the 5. Is that correct? Reading the transcript from the original sentencing, parties both agree I believe that there was a determination that there was a starting point that the district court used was 5 and from there there was a departure to 4. And so what the parties are disputing is which was the determined category. Was it 5 or 4? And the government's submission is that it was 5 at that time and so that is what the judge correctly used. Let's suppose for a minute that she just out flat out determined that the category, it was a category 4, no departure or anything. Just she determined it was a category 4. And at revocation she uses a category 5. Is there error at the revocation? Is that error? There would not be an error if the use of category 5- No, forget category 5 for a minute. She determines on her own, she makes a legal finding. I find it's a category 4. Yes. Yes, Your Honor. At the original sentencing. It comes along, we get to the revocation hearing. She looks at it again. It happens to be the same judge. She says, ah, it's a 5. Is there error? The district court has the discretion to depart upward and application no. 2 and 4 of 7B1.4 provides for that. So what is at issue here is what was the determined category at the time of the original sentencing. And if the determined category at the time of the original sentencing was 4, that should be the category that is used at revocation. And so here the parties agree that there was a downward departure. I think that's part of the problem. There are a lot of hypotheticals here, but I think you both agree that she determined it was a 5 and then departed to a 4. I'm not sure that I would have read it that way. But is that what you're both in agreement on? Judge Reiner, your characterization is closer to the government's position. I believe counsel will disagree that the word determined goes with 5. I think counsel will say that it did. Counsel would say they ultimately determined it was 4 because of the departure. Right. And so the central legal question is, is the determination of the criminal history category, does that include departure or not? And in reaching the answer to that question, I would direct your honors to guidelines 1B.1.10, which I apologize has not been briefed, but they're in the context of amendment to the guidelines range. And they describe what the applicable guidelines range should be when reaching the question of whether there's a reduction of sentence due to amendment of guidelines. And there it says that the applicable guidelines range corresponds to the offense level and criminal history category determined pursuant to 1B.1.1, which is determined before consideration of any departure or variance. And so the determination of criminal history category and the applicable guideline range, analogizing from that provision, that determination, legally speaking, occurs before there is any departure, before there is any variance. And that is really consistent with how the guidelines should be read, combining 7B.1.4 with 4A.1.1 and 2, and also 1B.1.1. Can I ask you another question? Yes, Your Honor. What was, for the purposes of revocation sentencing, what was, if she had used a 4, what would the guideline range have been? If she had used 4, the range would have been 12 to 18 months. So the actual sentence that she imposed was at the high end. And if she had used a 5, it was? 18 to 24. 18 to 24. And she gave him an 18-month sentence that falls either at the high end or the low end. Right. Within the guidelines for? I can't remember off the top of my head right now, but when she imposed the sentence, did she give any explanation for choosing 18 months? Did she say I'm giving it because it's the low end of the guideline or I'm giving it because it's the high end of the guideline, or did she just say I'm just the range and you get 18 months? She had colloquy with counsel, including myself. I represented the government at that time, and specifically with the probation officer who recommended 18 months at the low end of the guidelines. And after consulting, after hearing from counsel, the specific reason that she gave was that after listening to the defendant who allocated, she did not believe that he would stay away from the United States, that he would return. That was the primary stated reason. But in reaching the number 18 months, the totality of the record shows that she consulted counsel on different recommendations and relied on the recommendation that the probation officer gave, which was Category 5 and low end of the guidelines range. Okay. Thank you. Thank you, Your Honors. Your Honors, just two things. First, I want to be very clear. I don't concede that Category 5 is the starting point, not in the Booker sense anyway. It's the starting point in the sense that she accepted for the sake of argument because she couldn't resolve the legal dispute about points. She accepted that it was a 5 and ruled that in any case she would, if it were 5, she would depart downward to 4. And I just want to read from ER 44. This is after she's discussed, you know, it's too unclear. I don't know how to resolve that dispute about the points, starting from the first full paragraph. So I find in this case that 5 overstates the criminal history category and it should be 4, a 4. And that's what the court concludes. So based upon the calculation that probation has done, which the court finds correct except for the criminal history category, a criminal history category of 4 rather than 5, and then she goes on to calculate the guideline range. Wait, when she says correct. Remember the probation officer had relied on that the sentence, that the conduct, the criminal conduct had taken place during the probationary period. Well, Your Honor, if I think she could read. Correct could mean that it was an incorrect criminal history category. Right. But it could be read either way, in which case she should be stuck with it either way. Right. Both cut in the same direction. The other thing is that the basis of the 18 months, I mean, counsel's correct that it was after Mr. Lasromero allocated and he said he was probably going to have to flee El Salvador again. But the basis of the 18 months in particular is clearly the guideline range. I mean, she had asked the probation officer why 18 months, why not something else and the probation officer said 18 months. So I think the basis is clear that she had based it on the guidelines and I think it's likely that if the range were 12 to 18, that she would have sentenced him to 12 and a day. If the court has no further questions. Thank you, counsel. The case is adjourned. It will be submitted.
judges: Reinhardt, Paez, M. Smith